# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2255MN

_____

| | | |
|---|---|---|
| MaryAnn Ufkes, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Minnesota. |
| | * | |
| Wal-Mart Stores, Inc., | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 13, 2000

Filed: March 22, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

MaryAnn Ufkes appeals the District Court's[1] adverse grant of summary judgment in her negligence action. Ms. Ufkes argues that the District Court erred in granting summary judgment on the ground that she failed to adduce sufficient evidence that Wal-Mart had actual or constructive knowledge of the slippery conditions that caused her to fall on its premises. We affirm.

---

[1]The Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

It was a cold and misty day with freeze/thaw conditions in Willmar, Minnesota, on March 8, 1997, the day when Ms. Ufkes slipped and fell on a patch of ice located at the front doors of the Wal-Mart store in Willmar. Ms. Ufkes brought suit, alleging that Wal-Mart was negligent in failing to use reasonable care to inspect and remove ice from the sidewalk area of its front doors, warn her of the hazard, and protect her from an unreasonable risk of harm; that Wal-Mart had actual or constructive knowledge of ice at its front doors; and that she sustained injuries as a result of her fall on defendant's premises. Ms. Ufkes relied on the testimony of a Wal-Mart assistant manager, Charles Conn, who testified in a deposition that in March 1997, the month of Ms. Ufkes's accident, ice and snow were known to build up at the area in front of the Wal-Mart doors because of water dripping from the roof and the building's exterior walls. Ms. Ufkes acknowledged that the ice patch upon which she slipped was clear and blended in with the sidewalk.

The District Court granted Wal-Mart's summary judgment motion. The Court determined that Ms. Ufkes failed to adduce evidence that would permit a fact finder to conclude that a Wal-Mart employee had actual knowledge of the ice patch that caused her to fall. For this reason, the District Court opined that Ms. Ufkes's claim depended upon her establishing that the substance on which she slipped was present for a sufficient period of time in order to charge Wal-Mart with constructive knowledge of the substance's existence. The District Court held that Ms. Ufkes failed to present such facts. It was the Court's determination that although Ms. Ufkes showed that ice formed from water dripping off the building, and an employee knew that ice formed in this manner, Ms. Ufkes failed to offer any evidence to support her contention that the ice patch that caused her to slip was formed from water dripping from the building. Moreover, the Court determined that Ms. Ufkes failed to offer any evidence to support even an inference that the ice upon which she slipped was present for an appreciable period of time.

After reviewing the record de novo and finding no error of law or fact, we affirm on the basis of the District Court's opinion.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.